IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 120-015 |
| | * | |
| WALKER WASHINGTON | * | |

ORDER

On April 30, 2021, Defendant Walker Washington was sentenced to serve a term of imprisonment of 100 months followed by 3 years of supervised release. Washington was also ordered to pay restitution in the amount of $299,825.42.

The Judgment and Commitment Order ("J & C") in this case states that while Washington is in custody, he shall either pay quarterly installments of **a minimum** of $25 if working non-UNICOR or **a minimum** of 50% of monthly earnings if working UNICOR. (Doc. 88, at 6 (emphasis added).) At present, Washington has filed a motion for clarification in which he complains that the Bureau of Prisons ("BOP") is collecting more than he had anticipated and asks that the Court "modify the restitution order" to provide that only $25 per quarter is collected. (Doc. No. 104.)

The Government opposes the motion and suggests that Washington is a participant in the Inmate Financial Responsibility Program ("IFRP"). The IFRP is a voluntary work program that encourages an inmate to meet his legitimate financial obligations

through the development of a financial plan. 28 C.F.R. § 545.10. Participation in the IFRP is voluntary, but refusal to participate carries certain consequences including the loss of various privileges. 28 C.F.R. § 545.11(d). According to BOP Program Statement 5380.08, the IFRP employs a standard formula to determine the amount of restitution payments that an inmate should make while incarcerated. The formula considers both an inmate's institution resources (such as wages) **and** his non-institution (community) resources (such as gifts or stimulus payments). Program Statement 5380.08 provides further guidance, instructing the BOP to examine total funds deposited in the previous six months and subtract any IFRP payments made in those same six months and $450. Generally speaking, any money remaining after this computation may be considered by BOP in determining the amount of an inmate's IFRP payment.

In this case, it appears that the BOP's application of its IFRP formula resulted in a higher payment, which has prompted the instant motion. The Court, however, has no authority to adjust the IFRP payment or the formula that the BOP uses. The IFRP is an aspect of Washington's confinement; a challenge to the implementation of this program is a challenge to the execution of a sentence. Thus, to the extent Washington wishes to complain about the IFRP payment, he must pursue his claims under 28 U.S.C. § 2241 in the district of his confinement. See Williams v. Pearson, 197 F. App'x 872, 876-77 (11th Cir. 2006); United States

v. Warmus, 151 F. App'x 783, 786-87 (11th Cir. 2005); see also United States v. Gala, 698 F. App'x 602, 604 (11th Cir. 2017) (holding that inmate's claim that he was coerced into participating in the IFRP must be presented in a § 2241 petition filed in the district of confinement). Even if this Court had jurisdiction over the matter, a § 2241 habeas petitioner must exhaust his administrative remedies prior to filing suit. Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). Here, there is no evidence that Washington has attempted to gain review of his IFRP payments through the BOP's administrative process.

For the reasons stated above, this Court cannot afford the relief Defendant Washington seeks. Accordingly, his motion for clarification (doc. no. 104) is **DENIED** to the extent that it seeks a medication of the J & C. Instead, the Court will defer to the BOP in its consideration and calculation of Defendant Washington's IFRP payments. Of course, Defendant Washington is free to refuse participation in the IFRP at his own peril.

**ORDER ENTERED** at Augusta, Georgia, this 9th day of May, 2022.

_____
UNITED STATES DISTRICT JUDGE